IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-2928- DDD-MEH

JANICE ALZADO-LOTZ;

       Plaintiff,

vs.

MUTUAL SECURITIES, INC.; AARON JASPER; MITCHELL VOSS; RYAN SABOL; NICHOLAS DAMIANI; JULIE COHEN; THOMAS BOCK; MARY EVANS.

       Defendants.

_____

AND RELATED ACTIONS.

## PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). Plaintiffs Janice Alzado, Evan Unger, Teri Schwartz, and Ann Enderle (Collectively "Plaintiffs") hereby move to summarily enforce against Defendant Mary Evans ("Evans") the settlement agreement reached between them on October 26, 2023, and request that Judgment (with interest and attorneys' fees) be entered accordingly.

**THE SETTLEMENT**

On October 26, 2023, all of the parties in these related cases participated in a joint settlement conference before the Honorable Michael E. Hegarty.[1] ECF No. 65. After approximately six hours of negotiations brokered by Magistrate Judge Hegarty, settlements were reached between all of the parties in all three related cases, except Defendant Thomas Bock. ECF No. 65.

In anticipation of settlement, Plaintiffs' had prepared a written settlement agreement. As reflected in the Court record, this settlement agreement was provided to Magistrate Judge Hegarty, who then provided it to all of the settling Defendants.[2] The settling parties then placed the terms of their settlement on the record:

> THE COURT: The Court has engaged in a settlement conference today with the parties. *We've reached…an agreement in principle*, and I'd like to address and then turn to the parties and ask whether that is their agreement.
>
> The terms of that agreement were provided by…Mr. Sturgeon-Garcia. I provided a copy of that to defendants. Those will be the material terms. The dollar amounts are not listed in those, but I will talk-speak into the record the principal dollar amount being paid by each defendant group, and then…Mr. Sturgeon-Garcia will provide those specific amounts, and the parties will execute an agreement within 30 days and payment to be made in that same time period.[3]

After addressing the settlement with the MSI Defendants, the Court then turned to the settlement with Evans:

> THE COURT: Ms. Evans will pay $75,000 to settle all claims in these three cases. Same material terms, same time period.

---

[1] There are three related cases: *Alzado v. Mutual Securities, et.al*. 20-cv-2928; *Enderle v. Mutual Securities, et.al*. 20-cv-03653; and *Schwartz v. Mutual Securities, et.al*. 20-cv-03653.
[2] There is an audio recording of the settlement stated on the record. *See* ECF 65, confirming that "a record was made." Magistrate Judge Hegarty indicated in the audio recording that the Court would retain a copy of the referenced written settlement agreement.
[3] *Id*.

>Is that your agreement…Mr. Sturgeon-Garcia on half of all four plaintiffs?
>
>MR. STURGEON-GARCIA: It is, Your Honor. Thank you.
>
>\*\*\*
>
>THE COURT: Ms. Evans, is that your agreement?
>
>MS. EVANS: Yes, it is, Your Honor.

The MSI Defendants have since signed the settlement agreement and have made their settlement payment. Six months later, and several Court conferences later, Evans continues to refuse to settle on the terms agreed upon at the Settlement Conference.[4]

For the reasons discussed below, the Court should enforce the parties' settlement agreement, and enter Judgment accordingly.

**LEGAL STANDARD**

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). This inherent authority applies to settlement agreements entered on the record but later reneged on by one party. *See e.g. Henderson v. Yard House Glendale, LLC*, 446 F.App'x 701, 702 (9th Cir.2011)(; *Vari-O-Matic Machine Corp. v. New York Sewing Machine Attachment Corp.*, 629 F.Supp. 257, 259 (S.D.N.Y. 1986)("[I]n this case since both parties made representations to the court that agreement had been reached, there can be no factual dispute that a settlement had been consummated, and the court is empowered summarily to require the parties to comply with their representations without holding a hearing.").

"Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law." *United States v. McCall,* 235 F.3d 1211, 1215 (10th Cir. 2000). Under Colorado law, oral settlement agreements are enforceable. *South Carolina Insurance Co. v. Fisher*, 698 P.2d 1369, 1372 (Colo.App.1984). "A writing is not necessary to create a binding settlement agreement." *DiFrancesco v. Particle Interconnect Corp.,* 39 P.3d

---

[4] As is reflected in the Court record, Plaintiff have satisfied the duty to confer requirements of D.C. COLO.L.R.7.1(a). *See e.g.* EFC Nos. 66, 67, 74, 76, 77, 80.

1243, 1248 (Colo. App. 2001). A verbal agreement is not rendered invalid by the fact that the parties had contemplated preparing a written agreement. *Id.*

Under Colorado law, a settlement agreement is binding and enforceable if the parties agree on all essential terms. *Corey v. Pro. Rodeo Cowboy Ass'n, Inc.*, 506 F. Supp. 3d 1106, 1112 (D. Colo. 2020). "The essential elements of an agreement to settle a case are a manifestation of agreement (an offer and acceptance) on payment, release, and case dismissal terms (the consideration) between parties who have the capacity and authority to agree." *Gates Corp. v. Bando Chem. Indus., Ltd.*, 4 F. App'x 676, 685–86 (10th Cir. 2001) (applying Colorado law). In applying these principles, the Tenth Circuit has observed that "Colorado public and judicial policies favor voluntary agreements to settle legal disputes." *Id* at 682 (citing *Colorado Ins. Guar. Ass'n v. Harris*, 827 P.2d 1139, 1142 (Colo. 1992)(en banc)).

**ARGUMENT**

<u>The Terms of the October 26th Settlement Are Binding and Enforceable</u>

As is reflected in the Court record, all of the "essential elements of an agreement to settle a case"—namely, "a manifestation of agreement (an offer and acceptance) on payment, release, and case dismissal terms (the consideration)"—are present here. *Gates Corp.*, 4 F. App'x at 685–86. The existence of those elements is governed by familiar contract principles. Under Colorado law, an offer is a manifestation by one party of a willingness to enter into a bargain (Restatement (Second) of Contracts 24 (1979)), while an acceptance is a manifestation of assent to the terms of the offer (Restatement (Second) of Contracts 32 (1979)).

The record here confirms that each material term of the Parties' settlement agreement was offered and accepted during the Settlement Conference with Magistrate Judge Hegarty. Evans unequivocally affirmed Magistrate Judge Hegarty statement that *"[t]hose will be the material terms."* The offer and acceptance of each of these material terms resulted in a binding settlement agreement. *Id*.

Evans cannot renege on her commitment to resolve this litigation on the terms to which she agreed. *See Woods v. Denver Dep't of Revenue, Treasury Div.*, 45 F.3d 377, 378 (10th Cir.

1995) ("a party who knowingly and voluntarily authorizes the settlement of her claims cannot avoid the terms of the settlement simply because she changes her mind").

Evans also cannot avoid her agreement by claiming unilateral mistake. *Royal v. Colorado State Personnel Bd.,* 690 P.2d 253, 255 (Colo.Ct.App. 1984) ("What Royal may have understood or contemplated is not relevant. A unilateral mistake or mistake of law, if any, is not a ground for setting aside an agreement."); *In re Marriage of Manzo,* 659 P.2d 669, 672 (Colo.1983) (en banc) ([T]raditionally a contract may not be rescinded because one party has made a unilateral mistake); *Kuper v. Scroggins,* 127 Colo. 416, 257 P.2d 412, 413 (1953) (en banc) ("In order to avoid a contract on the ground of mistake, it must be a mutual mistake.").

In addition, any subsequent demand by Evans' to include additional terms is unavailing. Under Colorado law, Evans' desire to add disputed terms after the Parties reached a binding agreement on the material terms of their settlement does not preclude enforcement of the terms to which the Parties affirmatively agreed. *See Corey*, *supra*, 506 F. Supp. 3d at 1114 (that counsel "later wanted to add terms to the contract does not change the fact that the parties had reached agreement as to all material terms of the contract." Indeed, courts in this circuit "simply will not derail a settlement agreement expressly resolving payment, release, and dismissal terms because of alleged disputes over additional terms." *Gates Corp.*, *supra*, 4 F. App'x at 686. Evans is therefore bound by the material terms of the settlement agreement offered and accepted at the Settlement Conference.

By the terms of the Agreement, Evan agreed to sign the agreement and pay $75,000 "within 30 days" of the October 26th settlement conference. She failed to do so. Judgment should now be entered against her in that amount, together with interest and attorneys' fees, as discussed below.

**REQUEST FOR PREJUDGMENT INTEREST**

By the terms of the settlement, Evans agreed to pay $75,000.00 within 30 days of the settlement conference. To date, Evans has paid nothing, thus depriving Plaintiffs of the time

value of their settlement funds. Plaintiffs request that the judgment entered in their favor include allowable prejudgment interest.

Prejudgment interest has been allowed in Colorado for more than 100 years. *Davis Cattle Co. v. Great W. Sugar Co.*, 393 F.Supp. 1165 (D. Colo.1975), aff'd, 544 F.2d 436 (10th Cir.1976), cert. denied, 429 U.S. 1094, 97 S.Ct. 1109 (1977). In Colorado, the prejudgment interest rate is 8% compound. CO Code §5-12-102 (2021). The goal of prejudgment interest is to correct the situation in which a wrongdoer would stall settlement or judgment in order to reap the benefit of having use of money or property which was producing more profit for him than the statutory interest rate he would eventually have to pay. Any benefit resulting from the wrongful withholding was intended to be enjoyed not by the wrongdoer, but by the injured party. *Great W. Sugar Co. v. KN Energy, Inc.*, 778 P.2d 272 (Colo.App.1989). One who is damaged by a breach of duty may recover prejudgment interest from the date of the breach, since it is the breach itself that makes the conduct wrongful. *Porter Constr. Servs. v. Ehrhardt, Keefe, Steiner, and Hottman, P.C.*, 131 P.3d 1115 (Colo. App. 2005). Plaintiffs have been deprived of the time-value of their money and are entitled to prejudgment interest.

**REQUEST FOR FEES AND COSTS**

The circumstances of this Motion justify an order awarding Plaintiffs their costs and fees associated with enforcing the Parties' settlement agreement. Federal courts possess the "inherent power . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). That power includes the authority to impose an assessment of attorneys' fees "as a sanction for bad-faith conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). Here, Plaintiffs have incurred substantial legal fees as a direct result of Evans' purporting to renege on her binding commitment to settle this matter on the material terms to which to which she had agreed. Evans' refusal to settle on those terms is improper, in bad faith, and wasteful of Plaintiffs' and the Court's time and resources. Plaintiffs would not have incurred the expenses necessitated by this Motion were it not for Evans'

misconduct in attempting to walk away from the Parties' agreed-upon settlement. Therefore, the Court should order Evans to compensate Plaintiffs for the fees and costs incurred as a result of Evan's conduct.

Alternatively, attorneys' fees should be awarded pursuant to the written settlement agreement that was agreed to at the October 26th settlement conference, which states that the other side shall pay the prevailing party its reasonable attorneys' fees incurred in the enforcement of the settlement agreement. Plaintiffs' Counsel will support the attorneys' fees and costs incurred prior to entry of judgment.

**CONCLUSION**

For all of the foregoing reasons, the Court is requested to enter an order establishing settlement on the terms stated on the record, and entering Judgment accordingly, including accrued interest and attorneys' fees.

Dated: April 16, 2024

THE LAW OFFICES OF DAVID STURGEON-GARCIA

By: s/ *David Sturgeon-Garcia*
David Sturgeon-Garcia, Esq.
THE LAW OFFICES OF DAVID STURGEON-GARCIA
1100 Moraga Way, Suite 208
Moraga, CA 94556
Telephone:  925.235.7290
Email: dsglaw@comcast.net
Attorney for Plaintiffs