FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

25 SEP 29 AM 11: 10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Cyrus Y. Chung**

Case No. 20-cv-02928-DDD-CYC

JANICE ALZADO-LOTZ

Plaintiff,

v.

THOMAS BOCK,

Defendant.

---

DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

---

COMES NOW, Thomas Bock *(pro se* "Movant") respectfully replies to the Plaintiff's opposition brief [Dkt. 110] to Defendant's Motion to Dismiss [Dkt. 106] and respectfully moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(6), and 9(b) to dismiss Plaintiff's Complaint in its entirety.

**I. Plaintiff Has Not Established Proper Service of Process**

Plaintiff relies on cases recognizing that a signed return of service constitutes prima facie evidence of proper service. But here, Plaintiff did not file the proof of service until December 2024, more than four years after the case was filed and only after this Court issued an Order to Show Cause. That delay—combined with the fact that the

proof of service alleges substituted service on a building manager rather than on Defendant personally or on a registered agent—undermines the presumption of validity. Unlike the cases Plaintiff cites (Dittimus v. Bond, Lopez v. Colorado), where service was timely and uncontested, Defendant has submitted a sworn declaration refuting receipt of process and showing that the person allegedly served was not authorized to accept service. This creates a factual dispute that negates the presumption of valid service. In the Tenth Circuit, the burden of establishing valid service rests with the party asserting it once service is challenged. *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 942 (10th Cir. 1987) ("[W]hen service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity."); *F.D.I.C. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (same). A return of service may constitute prima facie evidence of valid service, but this presumption is not conclusive and may be rebutted. *Ortiz v. Lorieux*, No. 21-cv-02494, 2022 WL 3443723, at *2 (D. Colo. Aug. 17, 2022) (holding that "the return of service is strong evidence of valid service, but it may be rebutted by strong and convincing evidence"). Moreover, personal jurisdiction depends on valid service of process, and in its absence the court cannot proceed regardless of actual notice. *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("[S]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.").

Finally, Plaintiff argues that re-service, not dismissal, would be the appropriate remedy. But Plaintiff had more than four years to effect proper service and failed to do so until prompted by the Court. Under Rule 4(m), dismissal without prejudice is the presumptive remedy for failure to serve within 90 days. The extraordinary delay here warrants dismissal.

**II. Defendant's Actions Did Not Constitute a General Appearance or Waiver**

Plaintiff argues that Defendant waived objections to service by "appearing" through (1) filing a motion to set aside default, (2) participating in a settlement conference, and (3) allegedly engaging in settlement negotiations.
This argument fails.

First, a motion to set aside default is not a general appearance waiving service objections. Courts uniformly hold that challenging a default does not forfeit jurisdictional defenses. The Tenth Circuit has made clear that a defendant does not waive objections to service or personal jurisdiction merely by moving to set aside a default. In *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771-72 (10th Cir. 1997), the court held that a default judgment entered without valid service is void and cannot be enforced, and that subsequent participation in the litigation does not cure the jurisdictional defect. Similarly, in *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986), the court recognized that a party may challenge personal jurisdiction and sufficiency of service even after default judgment has been entered. These principles reflect the broader rule that "a judgment is void if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). Other circuits are in accord. See, e.g., *Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1991) (holding that seeking to vacate a default judgment did not constitute a general appearance or a waiver of personal jurisdiction objections).

Second, Defendant's participation in a magistrate-ordered settlement conference does not constitute voluntary invocation of the Court's jurisdiction. Compelled attendance is not a waiver. See *Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302,

1308 (Fed. Cir. 2005). Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinée, 456 U.S. 694, 702-05 (1982) which emphasizes that personal jurisdiction objections are waived only by "submission through conduct" that is inconsistent with challenging jurisdiction. Merely complying with procedural orders does not amount to waiver. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986). The Tenth Circuit held that defendants did not waive jurisdictional objections by post-default participation. *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp*., 115 F.3d 767, 771-72 (10th Cir. 1997). *McClelland v. Watling Ladder Co.*, 729 F. Supp. 1316, 1318 (D. Colo. 1990): Court held that attending proceedings under compulsion (including settlement discussions) does not constitute voluntary submission to jurisdiction.

Third, the settlement counsel who appeared in the Enderle and Schwartz Unger cases filed a limited appearance in each case ( 20-cv-3659-DDD-MEH Dkt. 58 and 20-cv-03653-DDD-MEH Dkt. 70, respectively) excluded this case from representation. Plaintiffs attempt now to cobble together this case to the Enderle and Schwartz Unger cases and thereby argue that the Defendant has waived his rights to due process are without any factual basis and Plaintiff's attempt to bootstrap those separate negotiations into a waiver here is unfounded.

Plaintiff's authorities (*Benny v. Pipes, Bethley v. City of Spencer*) involved voluntary appearances and filings on the merits, not jurisdictional objections or compelled settlement activity.

Defendant has preserved his objections at every stage and has not waived them.

**III. Plaintiff's Statute of Limitations and Repose Arguments Mischaracterize the Record**

Plaintiff argues that this Court previously rejected statute-of-limitations arguments when denying another defendant's motion to dismiss. But that ruling merely held that a disputed factual issue existed as to that other defendant. Here, there is no dispute: Defendant's employment termination date (August 31, 2015) is a matter of public record, as shown in Exhibit A to the concurrently filed Motion for Judicial Notice.

Courts may consider matters subject to judicial notice when deciding Rule 12(b)(6) motions. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Judicially noticeable dates are routinely used to enforce statutes of limitations and repose. See *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997).

Here, Plaintiff filed the Complaint on September 28, 2020—over five years after the termination date—placing all claims outside the applicable statutes of limitation and the three-year statute of repose under Colo. Rev. Stat. § 13-80-102.

The extraordinary over four-year delay in serving Defendant has caused significant prejudice: memories have faded; relevant records have become more difficult to locate; and certain broker-dealer records may no longer be subject to record retention requirements, and the defendant is now expending significant time and effort to defend himself against a claim that could have been timely served years ago. It should not go unnoticed that the Defendant has not been a registered representative for a broker -dealer for over ten years now. See *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995) (prejudice is a relevant factor when considering whether to grant a permissive extension under Rule 4(m) if no good cause is shown); *May v. Oklahoma Dep't of Corrections*, No. 99-6267, 2000 WL ___ (10th Cir. May 17, 2000) (delay of over 200

days without justification weighed against extension). Such prejudice further supports dismissal under Rule 4(m).

Plaintiff cannot demonstrate good cause for the four-plus year delay. Plaintiff's failure to serve Defendant cannot be excused as inadvertence. During the same four-plus year period, Plaintiff's counsel actively litigated two related cases against Defendant and pursued collection on a judgment in another case and even sought default judgment in this case. Plaintiff thus knew how to pursue this litigation but chose not to effect proper service until after the default was set aside. Such tactical delay underscores the absence of good cause and the resulting prejudice to the Defendant. Only after Plaintiff's motion for default was denied did Plaintiff raise service issues and is now suggesting that re-service as the only viable option. Such circumstances foreclose a finding of good cause. See *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) (good cause requires diligent effort to serve within the Rule 4(m) period); *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994) (mere inadvertence or neglect does not constitute good cause).

This is a legal bar that does not depend on fact disputes and warrants dismissal.

**IV. Plaintiff's Sanctions Request Is Procedurally and Substantively Defective**

Plaintiff's brief opens by claiming that Defendant's motion is "so devoid of merit that sanctions should be imposed," yet fails to identify any specific conduct constituting sanctionable behavior.

This does not meet the requirements of Rule 11 or due process. Rule 11(c)(2) requires that a sanctions motion be made separately, describe the specific conduct at issue, and be served on the opposing party at least 21 days before filing. Plaintiff has not complied with this safe harbor procedure, so no sanctions motion is properly before the

Court. See *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006). Moreover, Defendant's motion is grounded in law and fact: it invokes public records (the Form U-5) and applies settled legal principles. This is the opposite of frivolous conduct.

Plaintiff's so-called "cross-motion" for sanctions should be disregarded in its entirety. Defendant has not filed a motion for sanctions in this matter; Defendant merely reserved the right to do so in the future should circumstances warrant. Without a pending sanctions motion, there is nothing for Plaintiff to "cross-move" against, and Plaintiff's request is procedurally improper on its face.

Even if Plaintiff could properly move for sanctions at this stage, her request is defective under Federal Rule of Civil Procedure 11. Rule 11(c)(2) requires that a motion for sanctions be made separately from other filings and only after service of the motion and expiration of the 21-day "safe harbor" period. Plaintiff has done neither. Instead, Plaintiff embedded a sanctions request within her opposition brief, which is not permitted. See Hutchinson v. Pfeil, 208 F.3d 1180, 1183-84 (10th Cir. 2000) (holding that a request for Rule 11 sanctions contained in a responsive brief is procedurally improper). Plaintiff's request also fails on the merits. She cites no specific conduct by Defendant that could plausibly justify sanctions under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority. Conclusory assertions, without identification of a particular violation, cannot support an award of sanctions.

Accordingly, Plaintiff's improper "cross-motion" should be denied or disregarded. Defendant reserves all rights to seek appropriate sanctions by separate motion and in compliance with Federal rules, should plaintiff's conduct later warrant such relief.

**V. Plaintiff's Silence on PSLRA and Rule 9(b Issues Confesses Their Merit**

Plaintiff fails entirely to address Defendant's arguments under the PSLRA and Rule 9(b). The Tenth Circuit treats such silence as a confession of error. See *Hinzo v. State of N.M.*, 79 F.4th 1164, 1175 (10th Cir. 2023). Because Plaintiff's fraud allegations lack the "who, what, when, where, and how" required by Rule 9(b) and PSLRA, they must be dismissed with prejudice.

## VI. Conclusion

For the foregoing reasons, and those stated in the opening motion, Defendant respectfully requests that the Court grant the Motion to Dismiss in its entirety, deny Plaintiff's request for sanctions, and dismiss Plaintiff's Complaint with prejudice.

DATED this 29Th day of SEPTEMBER, 2025

Respectfully submitted,

Thomas H Bock

Thomas H. Bock
3100 East Cherry Creek South Drive #708
Denver CO 80209
303- 324- 5444
tombock@comcast.net
Defendant, *Pro Se*

wordcount: 2185

PURSUANT TO JUDGE DOMENICO PRACTICE STANDARDS III. A. 4.

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Dominico's Practice Standard III(A)(1).

Thomas H. Bock
Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant's Reply in Support of Defendant's Motion to Dismiss** was filed with the Clerk of the Court and a true and accurate copy of such filing was placed in the United States mail postage prepaid addressed to the following parties on this 29TH day of SEPTEMBER, 2025 to:

David Sturgeon-Garcia, Esq.
The Law Offices of David Sturgeon-Garcia
1100 Moraga Way, Suite 208
Moraga, CA 94556
Phone: (925) 235-7290
Email: dsglaw@comcast.net
Attorney for Plaintiff, Janice Alzado-Lotz

Thomas Bock

Thomas H. Bock
*Pro Se*
3100 E Cherry Creek Drive South Dr, #708
Denver Co 80209
303-324-5444
tombock@comcast.net