IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02928-DDD-CYC

JANICE ALZADO-LOTZ,

    Plaintiff,

v.

THOMAS BOCK,

    Defendant.

___

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
___

**Cyrus Y. Chung, United States Magistrate Judge.**

    A filed proof of service preemptively proves the propriety of service in the case. To combat that, a defendant must marshal strong evidence disproving that propriety. Defendant Thomas Beck does not do so here, and so his bid to dismiss plaintiff Janice Alzado-Lotz's claims against him on that basis fails. He also asserts that the case came too late, violating the statute of repose, but this is a rehash of arguments previously considered and rejected by this Court. His request for judicial notice of a document, ECF No. 107, does not change that calculus. Finally, he takes aim at some fraud claims as not meeting the heightened pleading standard applicable to such claims. There, the plaintiff does not contest his argument, and he finds more success. Accordingly, the Court **RECOMMENDS** that the defendant's motion to dismiss, ECF No. 106, be **GRANTED in part** and **DENIED in part** and **DENIES** the motion for judicial notice.

## BACKGROUND

    The district judge previously outlined the factual background of this case:

> Ms. Alzado entered into a relationship with Mr. Bock and Ms. Evans when she opened an account with their investment advisory firm, Bock Evans Financial

Counsel, Ltd. ("BEFC"). Mr. Bock and Ms. Evans were registered representatives and securities principals of [Mutual Securities, Inc. ("MSI")], a California-based broker-dealer firm. Doc. 1 at ¶¶ 4, 10. When clients engaged Mr. Bock or Ms. Evans as investment advisors, they were required to open a brokerage account with MSI. *See* Doc. 1-5. Bock and Evans were dually registered as investment advisors and broker-dealers. But when they entered into a relationship with a client as his or her investment advisor, they did not also act as the client's broker-dealer. Bock and Evans's investment advice occurred on behalf of BEFC, but despite their status as registered representatives of MSI, they did not solicit or execute trades on behalf of MSI when they entered into a relationship with a client as his or her investment advisor. In practical terms this meant that when Bock and Evans made investment decisions for clients like Ms. Alzado, they would tell MSI what trades to make, but someone else within MSI was assigned to act as the client's registered representative in executing the trade. MSI, however, retained some responsibilities as the client's broker-dealer, per the Brokerage Agreement (Doc. 1-5) and industry standards. MSI and its corporate officers and directors are regulated by the Financial Industry Regulatory Authority ("FINRA"). FINRA is a private corporation and self-regulatory organization that is the primary oversight body for securities firms in the United States. Doc. 1 at ¶39. Members of FINRA are bound by the body's rules, rulings, orders, directions, and sanctions. FINRA Bylaws art. IV, § 1(a)(1). FINRA requires broker-dealers to maintain various responsibilities to account owners, even those to whom they do not provide investment advice. *See, e.g.*, Doc. 1 at ¶40.

Ms. Alzado's account was discretionary, meaning she detailed her investment goals, strategy, and risk-management to her investment advisors, who used this information to pick securities trades on her behalf, which were then submitted to and executed by MSI. Doc. 1 at ¶¶21-22. Ms. Alzado was an inexperienced investor hoping for moderate capital appreciation when she entrusted her retirement account, worth $232,330.57, to BEFC. *Id*. at ¶26. She directed her investment advisors in writing to only engage in investments that were "moderate risk," and to eschew "trading profits" or "speculation." *Id*. at ¶21. The strategy was confirmed by BEFC. *Id*. at ¶22. But Bock and Evans did no such thing. They instead invested Ms. Alzado's entire account into undiversified, high-risk foreign mining stock subject to volatile price changes. *Id*. at ¶¶ 42-46. Bock and Evans did not limit their strategy to Ms. Alzado and dumped all their clients' portfolios into foreign mining stock, indicating a "one size fits all" strategy with no client personalization. *Id*. at ¶28. The investment decisions by Bock and Evans and execution by MSI ran contrary to Ms. Alzado's Investment Profile, MSI's Brokerage Agreement, and FINRA rules, all of which required Bock and Evans and MSI to participate in "suitable" trades. The gamble also didn't pay off—when Ms. Alzado closed her account, only $22,386.82—less than 10%—remained. Id. at ¶26. Overall client portfolios fell from $60 million to $4.17 million in the span of a few years during a period where the Dow, S&P 500, and NASDAQ Composite all increased in value. *Id*. at ¶28.

A class action ensued in 2015 and discrete individual claims were settled. *Id*. at ¶35.

*Alzado-Lotz v. Mut. Secs., Inc.*, No. 20-cv-02928-DDD-MEH, 2023 WL 11903720, at *1–2 (D. Colo. Aug. 11, 2023) (*Alzado-Lotz II*).

On September 28, 2020, the plaintiff commenced this action. ECF No. 1. She asserted seven claims against all defendants, which included the defendant, Ms. Evans, MSI, and various MSI officers: (1) breach of contract; (2) breach of duty; (3) financial elder abuse; (4) negligence; (5) fraud by misrepresentation and omission; (6) failure to supervise and control; and (7) violation of federal and state securities laws and FINRA rules. *Id*. ¶¶ 58–104. She pled an eighth claim against MSI and the MSI officers only for violations of section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

Ms. Evans, MSI, and the MSI officers each moved to dismiss. ECF Nos. 10, 13. The district judge denied Ms. Evans's motion, *Alzado-Lotz v. Mut. Secs., Inc.*, No. 20-CV-02928-DDD-MEH, 2023 WL 11903713, at *6 (D. Colo. Aug. 4, 2023) (*Alzado-Lotz I*), and granted MSI and the MSI officers' motion in part. *Alzado-Lotz II*, 2023 WL 11903720, at *13. Those defendants all settled their cases. *See Alzado-Lotz v. Mut. Secs., Inc.*, No. 20-cv-02928-DDD-MEH, 2024 WL 3836003, at *1–3 (D. Colo. May 15, 2024).

While this occurred, the case stalled with respect to the defendant until the Court issued an order to show cause why the case should not be dismissed against him in December 2024. ECF No. 87. That day, the plaintiff filed a proof of service averring that service had been made four years prior by leaving documents with the on-site manager at the defendant's condominium building. ECF No. 88. She moved for an entry of default as to the defendant, and a clerk's entry of default entered. ECF Nos. 89, 92. The defendant moved to set aside that entry of default a little over two months later, ECF No. 100, which the Court granted. *Alzado-Lotz v. Mut. Secs.,*

3

*Inc.*, No. 20-cv-02928-DDD-CYC, 2025 WL 2725049, at *3 (D. Colo. Aug. 11, 2025), *recommendation adopted*, ECF No. 108.

These motions followed, and the district judge referred them to the undersigned. ECF No. 108.

## ANALYSIS

The defendant invokes three bases for dismissal: insufficient service of process, the statute of repose, and fraud pleading requirements. ECF No. 106 at 2–3.

### I.     Insufficient Service of Process

A defendant may assert "insufficient service of process" by motion. Fed. R. Civ. P. 12(b)(5). "A Rule 12(b)(5) motion . . . challenges the mode or lack of delivery of a summons and complaint." *Gallan v. Bloom Bus. Jets, LLC*, 480 F. Supp. 3d 1173, 1178 (D. Colo. 2020) (citation and internal quotation marks omitted). A plaintiff faced with such a motion "bears the burden of making a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *1 (D. Colo. Mar. 23, 2018) (citing *Allen v. United Props. & Const.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008)). "A signed return of service constitutes prima facie evidence of valid service, which can 'be overcome only by strong and convincing evidence.'" *Davidson v. Bank of Am. N.A.*, No. 14-CV-01578-CMA-KMT, 2014 WL 6464576, at *2 (D. Colo. Nov. 18, 2014) (quoting *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). Any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir.1992).

Here, the plaintiff filed a return of service indicating that on December 14, 2020, service of the summons and complaint was made on the onsite manager at the defendant's condominium

4

building, who is authorized to accept service on behalf of the residents living in the complex. ECF No. 88 at 2. It indicates further that the defendant lived in unit 708 in his apartment complex, the same address with which the defendant signs his pleadings, *see* ECF No. 106 at 4, and had "refused to open the door to accept service." ECF No. 88 at 2.

The return of service constitutes prima facie evidence of service. After all, "an individual . . . may be served in a judicial district of the United States by . . . leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). That rule has been construed to allow service on doormen and managers of apartment complexes. *See, e.g.*, *GGNSC Equity Holdings, LLC v. Breslin*, No. 1:14-MC-00450, 2014 WL 5463856, at *2 (M.D. Pa. Oct. 27, 2014) (collecting cases); 4A Wright & Miller's Federal Practice & Procedure § 1096 (4th ed. 2025) ("[S]ince hotel managers, building managers, and landladies normally are under an obligation to transmit all incoming messages and mail to guests and tenants, there appears to be no valid objection to permitting delivery to such persons, at least in terms of questioning the likelihood of notice or fairness to the defendant."). Moreover, "when a defendant has received actual notice of the commencement of an action, 'the provisions of Rule 4[e] should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits.'" *TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D. Colo. 1994) (quoting *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963)). So it is here: the defendant was present at the Scheduling Conference in this matter, *see* ECF No. 59; ECF No. 61 at 2, and was in a settlement conference with the previously-assigned magistrate judge, albeit in a manner he feels was "[c]ompelled." ECF No. 111 at 3.

5

With that initial burden satisfied, "[t]he defendant bears the burden to present 'strong and convincing proof' of insufficiency of service." *Enderle v. Bock*, No. 20-CV-03659-DDD-MEH, 2023 WL 10089682, at *2 (D. Colo. Aug. 4, 2023) (quoting *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987)).[1] He claims first that service upon a building manager is ineffective, ECF No. 106 at 2, but cites a distinguishable case about service "through certified mail." *Pell v. Azar Nut Co.*, 711 F.2d 949, 949 (10th Cir. 1983). He points also to a declaration he previously submitted, ECF No. 111 at 2, which avers that he never received a copy of the paperwork from the building manager. ECF No. 103 at 3. But "Rule 4(e) does not require . . . that the defendant ever be told of service of process for the service to be valid." *craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 514 (N.D. Cal. 2011); *see Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957) (teaching that former Rule 4(d)(1) did "not require that the papers be served on a defendant personally or a showing that the papers were delivered to the defendant by the person with whom they were left"). Compliance with the Rule is what due process requires. *See* 4A Wright & Miller's Federal Practice & Procedure § 1096 (4th ed. 2025). And while proof of compliance was filed late — indeed, very late, ECF No. 88; *see* ECF No. 111 at 1 — a "[f]ailure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(l)(3).

The defendant lodges two additional, but factually inaccurate protests. He claims the Court previously determined that he was not properly served. ECF No. 106 at 2 (citing ECF No. 104). The Court made no such determination. It only noted that the late filing of the proof of

---

[1] The defendant hints that the burden remains with the plaintiff, ECF No. 111 at 2 (citing *Nikwei*, 822 F.2d at 942), but the quote he uses for that proposition appears nowhere in *Nikwei*. Its provenance appears to be instead from the Fifth Circuit's decision in *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981), but that refers to the initial burden to produce prima facie evidence of valid service, not a continuing burden after that production. *See People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011).

service caused a lack of notification to the defendant of the quotidian goings-on of this case, perhaps excusing a failure to file an earlier response to the complaint. *See* ECF No. 104 at 3–5. He also says his earlier declaration creates a factual dispute about the authorization of the building manager to accept service. ECF No. 111 at 2. It does not. The declaration says nothing about the building manager's authority. *See* ECF No. 103 at 3. The defendant previously argued in a motion that his homeowners' association bylaws did not authorize the manager to accept service, ECF No. 93 at 1, but that motion has been stricken, ECF No. 109, and, moreover, it provided no evidence supporting that argument. A district court must construe pro se plaintiffs' pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)), but it cannot create evidence where there is none. *Whitney v. State of N.M.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

In short, the defendant has not provided satisfactory evidence of insufficient service to rebut the prima facie case made by the filed proof of service.

## II.    Statute of Repose

The defendant argues that the Complaint addresses events occurring more than five years before the applicable statute of repose. On his view, he resigned his securities industry registration in 2015 and, as such, this 2020 action came too late. ECF No. 106 at 2–3. He asks the Court to take judicial notice of his termination notice. ECF No. 107.

This argument has been addressed and rejected before, both when the defendant made it in a parallel case, *Enderle*, 2023 WL 10089682, at *4 (denying motion to dismiss because complaint stated that "[u]nbeknownst to Plaintiff, Bock and Evans 'resigned; as Registered Representatives in 2015 following the filing of a Class action lawsuit but continued to manage

the subject accounts"), and when a co-defendant made it in this one. *Alzado-Lotz I*, 2023 WL 11903713, at *4 ("Taking Ms. Alzado's factual allegations in the light most favorable to her, as I am bound to do, this means that nothing changed in Ms. Alzado and Ms. Evans's relationship pre-2015 and post-2015."). The defendant provides no reason to change course. The request for judicial notice makes no difference — it simply seeks to create a factual dispute that cannot be resolved on a motion to dismiss, as the district judge has previously ruled.

Accordingly, the case will not be dismissed based on statutes of repose or limitations.

### III. Rule 9(b) and 15 U.S.C. § 78u-4(b)

Finally, the defendant contends that the plaintiff fails to state a claim because she has not complied with Federal Rule of Civil Procedure 9(b) and 15 U.S.C. § 78u-4(b). The plaintiff does not respond to this argument. *See* ECF No. 110. "Under Tenth Circuit precedent, however, 'a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response.'" *Fournerat v. Wis. L. Rev.*, 420 F. App'x 816, 819 (10th Cir. 2011) (quoting *Issa v. Comp USA,* 354 F.3d 1174, 1177 (10th Cir.2003)). "If the plaintiff does not file a response, 'the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.'" *Id.* (quoting *Issa*, 354 F.3d at 1178). The defendant contends otherwise, but he cites a non-existent case to support his argument. ECF No. 111 (citing a non-existent *Hinzo v. State of N.M.*, 79 F.4th 1164, 1175 (10th Cir. 2023)).[2]

The former provision requires "a party" to "state with particularity the circumstances constituting fraud or mistake" when "alleging fraud or mistake." Fed. R. Civ. P. 9(b). The

---

[2] 79 F.4th 1164 refers to the middle of *Anderson v. DelCore*, 79 F.4th 1153 (10th Cir. 2023). The last case in the Tenth Circuit with "Hinzo" and "New Mexico" somewhere in the title is *Hinzo v. Williams*, 563 F. App'x 639 (10th Cir. 2014). It has nothing to do with a failure to respond to a motion to dismiss.

8

plaintiff does not specify to which claim this applies, but liberally construed, *Hall*, 935 F.2d at 1110, the argument appears to move for dismissal of Claim 5. That claim focuses on statements made in a brokerage agreement or omissions that should have been disclosed in that agreement. *See* ECF No. 1 ¶¶ 86–89. But the Court previously held that "Ms. Alzado cannot simply point to alleged misrepresentations in her contract with MSI and ask the Court to hold MSI's officers personally responsible without further details regarding which individuals were involved in conveying the statements." *Alzado-Lotz II*, 2023 WL 11903720, at *8. With respect to omissions, the Court held that "[t]he plaintiff's shotgun approach in her allegations of fraud against the individual MSI defendants lacks the requisite particularity to survive a motion to dismiss." *Id.* The Complaint is no more detailed when it comes to attributing any particular statements to this defendant. Accordingly, this claim is subject to dismissal.

The latter provision that the defendant invokes requires, in any action under the Securities Exchange Act of 1934 "in which the plaintiff alleges that the defendant . . . made an untrue statement of a material fact; or . . . omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading" that the complaint "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b). Again, the defendant does not specify to which claim this applies, but it appears to apply to Claim 7 insofar as it asserts violations of the Securities Exchange Act.

The Court previously addressed this argument with respect to the individual MSI defendants, finding that the Complaint "makes no factual allegations that any of the individual

9

MSI defendants were involved in any capacity in the creation of the Brokerage Agreement, which is the only document or act the plaintiff points to as containing misleading statements of material fact or omitting material facts by these defendants." *Alzado-Lotz II*, 2023 WL 11903720, at *11. For that reason, among others, the Complaint did not meet the "heightened pleading standard" required by 15 U.S.C. § 78u-4(b) with respect to the individual MSI defendants. *Id.* The Complaint also makes no factual allegations that this defendant was involved in the creation of the Brokerage Agreement. It is therefore deficient with respect to this defendant for the same reason.

## CONCLUSION

For the foregoing reasons, the Court concludes as follows:

1. The Court **RECOMMENDS**[3] that the defendant's Motion to Dismiss, ECF No. 106, be **GRANTED in part**. The Court **RECOMMENDS** that Claim 5 and Claim 7, insofar as it is premised upon a violation of the Securities Exchange Act of 1934, be **DISMISSED without prejudice**. The Court **RECOMMENDS** that the motion otherwise be **DENIED**.

---

[3] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>

2. The Court **DENIES** the defendant's Motion for Judicial Notice, ECF No. 107.

3. The Court **ORDERS** that a Scheduling Conference be set for March 19, 2026 at 10:45 a.m. The Proposed Scheduling Order is due March 12, 2026. The Parties shall file the proposed Scheduling Order with the Clerk's Office, and in accordance with District of Colorado Electronic Case Filing Procedures. The proposed Scheduling Order is also to be submitted in Word format by email to Magistrate Judge Chung's chambers at Chung_Chambers@cod.uscourts.gov.

Dated this 16th day of January, 2026 at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge